We have one more case on the calendar. On the calendar to be argued, Garcia v. Yonkers. Please support my name is Joanna topping I represent the Yonkers school district. This is an appeal from the district's court grant of summary judgment to the Yonkers Board of Education, dismissing the plaintiff's remaining claim for retaliatory discharge in violation of Title VII. The plaintiff was brought up on charges pursuant to Education Law 3020A and terminated following a hearing. She alleges that the termination was in retaliation for claims of discrimination that she had made in February 2013. The charges were brought in June of 2013 and the hearing was held in October of 2013. The plaintiff, the court properly gave preclusive effect to the determinations of the hearing officer who conducted the 3020A proceeding under Berkevile. That those determinations included that while the plaintiff, who was employed as a math teacher with the Yonkers Board of Education, that she engaged in several incidents of misconduct while she was teaching at Lincoln High School. Those incidents of misconduct included screaming at students, screaming in front of the students at the security officer who responded to the scene, attempting to readminister a midterm examination that had already been administered to the students and that the administrators had directed her not to readminister. And then finally, there was an incident where she threatened to smack a student. After that incident, which occurred on March 7, 2012, she was transferred to the district central office and then subsequently reassigned to the Early College, another high school in the district, in her certified area to teach math at that high school, commencing in the 2012-2013 school year. She refused to accept that assignment. She appeared for the first day of school on September 5, 2012, and then did not report to work for the remainder of the school year. She said she didn't do that because she was grieving the reassignment. Correct. Does the fact that one has a union grievance allow one to be absent from the assignment? No, it does not. She was directed by the district to report to the assignment. She would remain in that assignment pending the termination of the grievance. What was the termination of the grievance? How was it terminated? The grievance was withdrawn on April 3, 2013, based upon the union's acceptance of the district's position that the plaintiff was transferred from Lincoln High School to Early College High School for the safety and health and welfare of the student. But basically your claim is that regardless of what happened before, the fact that she didn't show up for a year is reason enough so you have no but for. Correct. That's it. Thank you. If she's a threat to the safety and health of the students in one high school, why was she transferred to another high school? What had occurred was... Just as a matter of curiosity... There were a series of incidents which surrounded her inability to manage a particular student population. She had several incidents with one particular student who was the student that she has alleged or who she said she would smack. The district's view was that they would give her a fresh start and that her inability to manage that classroom created a threat to both the students and to Ms. Garcia. Perhaps she would do better with a different set of students. Correct. That if she was taken out of that environment that she would get a fresh start at Early College. However, because she never appeared for that assignment, the district had no choice but to ultimately terminate her and no rational jury could find that retaliation was a motive for that termination. Thank you. We'll reserve the decision. The last case is on submission. Accordingly, I'll ask the deputy to adjourn.